UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DENNIS WALLACE,<br>          Plaintiff,<br>v.<br><br>SUSAN MCCAULEY, *et al.*,<br>          Defendants.<br>_____/ | Case No. 22-12530<br><br>George Caram Steeh<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### ORDER ON PLAINTIFF'S MOTION TO COMPEL; MOTION TO APPOINT COUNSEL (ECF Nos. 29; 39).

Plaintiff, Dennis Wallace, without the assistance of counsel, filed this prisoner civil rights suit on October 20, 2022. (ECF No. 1). The case was later referred to the undersigned for all pretrial proceedings. (ECF No. 9). This matter is presently before the Court regarding Plaintiff's motion to compel and motion to appoint counsel. (ECF Nos. 29; 39)

**I.     Motion to Compel**

On May 10, 2023, Plaintiff filed his motion to compel discovery. (ECF No. 29).

Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

1

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37.

As a threshold matter, Plaintiff does not specify which Defendants this motion to compel is directed against. (ECF No. 29). Plaintiff references Defendants McCauley and Brown in the motion so presumably the motion is directed at them. Plaintiff says that he sent his requests for production on January 24, 2023. (*Id.* at PageID.201). Plaintiff alleges that Defendants Brown and McCauley responded on February 21, 2023, but that their responses were objections and they failed or refused to provide the requested documents. (*Id.*).

Plaintiff argues that the discovery sought is relevant and in their possession or control, or accessible to the Defendants. (*Id.*). Plaintiff states that Defendant

McCauley objected on the grounds that Plaintiff's requests are vague, overly broad, outside of her care, custody, and control, and are already in the possession of Plaintiff or that Plaintiff should seek the records as outlined in Michigan Department of Corrections ("M.D.O.C.") Policy Directed 03.04.108.  (*Id.* at PageID.202).  McCauley also purportedly objected that the documents sought are "irrelevant[.]"  (*Id.* at PageID.204).

As to Defendant Brown, Plaintiff alleges Brown's objections are that Plaintiff seeks documents that are in the custody, possession, and control of the MDOC, and that Brown does not have documents responsive to the request.  (*Id.*).

Defendant McCauley argues that Plaintiff's motion to compel should be denied because the motion does not comply with Eastern District of Michigan Local Rule 37.2.  (ECF No. 34, PageID.227).  Local Rule 37.2 states:

> Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion.

Plaintiff's motion does not include a verbatim recitation of the Defendants answers.  The undersigned notes at one spot in Plaintiff's motion he places an alleged response by Defendant McCauley in quotation marks, but McCauley argues her response to the request was a 24-line response and not the one-line response quoted by Plaintiff.  (ECF No. 34, PageID.226).

3

Defendant Brown argues that Plaintiff's motion to compel is untimely pursuant to the Court's case management order. (ECF No. 37, PageID.254). The Court notes that the case management order here was not entered until February 22, 2023, after the Plaintiff sent the set of discovery requests at issue. (ECF No. 20). The case management order specifies that "[a]ll motions to compel disputed discovery or for protective orders must be filed promptly (within 14 days) of notice of the dispute or they will not be considered, absent an extraordinary showing of good cause." (*Id.*). Brown argues that because Plaintiff does not offer any explanation or showing of good cause regarding his delay in filing this motion to compel, the Court should deny Plaintiff's motion to compel.

As a threshold matter, Plaintiff's motion to compel fails to comply with the Local Rules, which require the opponent's responses and objections to the requests to be produced. *Davis-Bey v. City of Warren*, No. 16-CV-11707, 2017 WL 6523645, at *3 (E.D. Mich. Dec. 21, 2017) ("The Court cannot address a motion to compel without knowing: (1) the date on which the requests were served, (2) that the requests were served on the proper person(s), (3) the exact language of the requests, and (4) the opponent's responses and objections to the requests."). Moreover, Plaintiff's motion to compel was unreasonably delayed. While the Court did not enter the case management order until February 22, 2023, after Plaintiff served his requests for production, Plaintiff's motion to compel was not

4

filed until May 10, 2023. (ECF Nos. 20; 29). Even considering the case management order was not in force when the requests at issue were sent, Plaintiff's delay in bringing this motion is unreasonable.

Plaintiff's motion to compel is **DENIED**. (ECF No. 29). The undersigned notes it appears Plaintiff may seek the documents directly from the M.D.O.C. or through channels provided by the M.D.O.C.

## II. Motion to Appoint Counsel

On June 6, 2023, Plaintiff filed a motion for appointment of counsel. (ECF No. 39). The motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**. Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). There is no constitutional right to the appointment of counsel in civil cases. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25–27 (1981). With few exceptions, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided on the merits of the claims. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified only by exceptional circumstances."). To make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent

5

himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

This case is against four Defendants and the medical deliberate indifference claims and Eighth Amendment claims are not exceedingly complex. The difficulties a prisoner-litigant may have in preparing the case and conducting discovery "are present in every prisoner civil rights case" and such difficulties do not require the appointment of counsel. *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009); *see also Ouellette v. Hills*, 2016 WL 5941829, at *2 (E.D. Mich. Oct. 13, 2016) ("Assistance in conducting discovery does not constitute an exceptional circumstance."). Plaintiff has all the discovery tools available to him, including mailing requests for admission, interrogatories, and requests for documents to the Defendants. The Defendants will have to respond to proper discovery requests.

For the reasons stated above, Plaintiff's motion for appointment of counsel (ECF No. 39) is **DENIED WITHOUT PREJUDICE**. Plaintiff may refile the motion if circumstances change, such as defeating or succeeding on a dispositive motion (e.g., a motion for summary judgment).

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: July 6, 2023,  s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on July 6, 2023.

s/Kristen MacKay
Case Manager
(810) 341-7850