UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS WALLACE,

       Plaintiff,

v.

SUSAN McCAULEY et al.,

       Defendants.
_____/

Case No. 2:22-cv-12530

Honorable Susan K. DeClercq
United States District Judge

Honorable Curtis Ivy Jr.
United States Magistrate Judge

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS, (2) OVERRULING DEFENDANT BROWN'S OBJECTIONS, (3) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (4) GRANTING DEFENDANTS JONES, McCAULEY, AND WRIGHT'S MOTION FOR SUMMARY JUDGMENT, AND (5) GRANTING IN PART AND DENYING IN PART DEFENDANT BROWN'S MOTION FOR SUMMARY JUDGMENT**

## I.  INTRODUCTION

On April 30, 2024, the magistrate judge issued a report and recommendation (R&R) proposing that this Court grant Defendants Curtina Jones, Susan McCauley, and C.O. Wright's motion for summary judgment, and grant in part and deny in part Defendant Laura Brown's motion for summary judgment. ECF No. 59.

Defendant Brown has objected to the portion of the R&R allowing Plaintiff's claim against her for interfering with pain medications to go forward to trial. ECF No. 60. Plaintiff has objected to the portion of the R&R granting summary judgment

to Defendant Wright. ECF No. 61. A hearing is not necessary. E.D. Mich. LR 7.1(f)(2). As explained below, both objections will be overruled and the R&R will be adopted.

## II.    STANDARD OF REVIEW

When a party objects to a magistrate judge's report, the court must review *de novo* those portions of it to which the party has objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court may accept, reject, or modify the findings and recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F. Supp. 3d 1014, 1017–18 (E.D. Mich. 2021). Moreover, the court may adopt the magistrate judge's report without specifying what it reviewed. *Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) (collecting cases).

This Court has reviewed Wallace's complaint, ECF No. 1; Defendants' two motions for summary judgment, ECF Nos. 46 & 48; the related responses and replies, ECF Nos. 54-57; Judge Ivy's report and recommendation, ECF No. 59; Defendant Brown's objections, ECF No. 60; Wallace's objections, ECF No. 61; Defendants McCauley, Jones, Brown, and Wright's response, ECF No. 62; and all other applicable filings and law.

To prevail on summary judgment, movants must identify record evidence showing that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(a). If so, then the burden shifts to the nonmovant to identify specific facts that create "a genuine issue for trial," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All inferences must be reasonable, logical, and drawn in the nonmovant's favor to determine whether any party must prevail as a matter of law. *Id.* at 251–52.

## III. BACKGROUND

Plaintiff Dennis Wallace is incarcerated at the Saginaw Correctional Facility in Saginaw, Michigan. ECF No. 56 at PageID.726. This case arises from an injury he suffered while exercising on October 18, 2021, and his later treatment by medical and correctional staff of the Michigan Department of Corrections. ECF No. 1. The R&R does an excellent job reciting the undisputed facts and will be adopted in full.

## IV. ANALYSIS

### A. Defendant Brown's Objections

Defendant Brown objects to the magistrate judge's recommendation that Plaintiff's claim for deliberate indifference to Plaintiff's serious medical needs be

allowed to go forward. Specifically, as to whether she "interfered with the course of medication give to Plaintiff by the hospital, with knowledge of his prescribed medications, and without any adequate explanation." ECF No. 59 at PageID.760. Brown argues that she used her medical judgment to determine what medications to provide Plaintiff, and any disagreement about Plaintiff's treatment, at best, states a claim of medical malpractice, not deliberate indifference. ECF No. 60 at PageID.770–71. Courts typically do not intervene in questions of medical judgment. *Youngberg v. Romeo*, 457 U.S. 307, 321 (1982).

However, based on the record, this Court finds there is a genuine issue of material fact as to whether Brown's actions truly were based on medical judgment. According to the medical records, it is undisputed that Brown knew Plaintiff had returned from the hospital with orders for Valium, Lidoderm, Prednisone, and Ketorolac. Brown initiated the Prednisone but deferred the Valium, Lidoderm, and Ketorolac. ECF No. 46-1 at PageID.498. When questioned about this decision, Brown explained that "Valium is nonformulary and is supposed to be swallowed [w]hole and that I made the decision to switch the script to Tylenol #3 which could be crushed. Crushing NF medications is a common practice in prison with drugs of potential abuse." *Id.* at PageID.506. Based on this, a reasonable juror could conclude that Brown's decision was not based on her medical judgment that Tylenol #3 would be an appropriate substitute for the Valium because it would just as effectively treat

- 4 -

Plaintiff's pain, but rather that it was a correctional safety decision based on Brown's concern that Valium was a higher risk of drug abuse in a prison. Indeed, Brown's brief acknowledges that the record is devoid of any information of the comparative effectiveness of the differing medications. *See* ECF No. 60 at PageID.772.

For these reasons, a reasonable juror could conclude that the prescription was withheld for a nonmedical reason and return a verdict for Plaintiff on this claim. *See Harp v. Hallet*, No. 2:19-CV-13789, 2024 WL 1217391 (E.D. Mich. Mar. 21, 2024) (explaining that "if a physician has withheld prescribed treatment for nonmedical reasons . . . the physician has simply interfered with a prescribed course of treatment" and "has not made a 'medical judgment'").

Accordingly, Brown's objection will be overruled, the R&R will be adopted, and summary judgment will be denied on the claim against Brown for interfering with pain medications.

### B. Plaintiff's Objections

Plaintiff objects to the magistrate judge's recommendation to grant summary judgment to Defendant Wright. Specifically, Plaintiff argues that because he was issued a bottom-bunk detail on October 20—not on October 21—when Wright ordered him to go to the top bunk after returning from the hospital on October 21, she knew of and disregarded an excessive risk to his health and safety. ECF No. 61 at PageID.776–77. However, regardless of whether Wright was handed a

- 5 -

bottom-bunk detail on October 20 or 21, it is undisputed that as a corrections officer Wright lacked authority to move Plaintiff to a different bunk or cell. ECF No. 48-5 at PageID.638. It was up to the Shift Command to determine where the prisoner will move. *Id.* It is also undisputed that when Plaintiff returned from the hospital, after midnight, Wright did the only thing she was authorized to do: she reported Plaintiff's need for a bottom bunk to Shift Command, which moved Plaintiff to a bottom bunk the same day.

For these reasons, this Court agrees with the magistrate judge's finding that Wright did not disregard Plaintiff's safety or engage in deliberate indifference.

Accordingly, Plaintiff's objection will be overruled, the R&R will be adopted, and summary judgment will be granted on all the other claims.

### IV. Conclusion

Accordingly, it is **ORDERED** that Defendant Brown's Objections, ECF No. 60, are **OVERRULED**.

Further, it is **ORDERED** that the Objections of Plaintiff Wallace, ECF No. 61, are **OVERRULED**.

Further, it is **ORDERED** that Magistrate Judge Ivy's Report and Recommendation, ECF No. 59, is **ADOPTED**.

Further, it is **ORDERED** that Defendants Jones, McCauley, and Wright's Motion for Summary Judgment, ECF No. 48, is **GRANTED**.

Further, it is **ORDERED** that Defendants Jones and McCauley are **DISMISSED** from the case.

Further, it is **ORDERED** that Defendant Brown's Motion for Summary Judgment, ECF No. 46, is **GRANTED IN PART AND DENIED IN PART**. It is **DENIED** with respect to the claim against Brown for interfering with pain medications. It is **GRANTED** with respect to all other claims against her. The only remaining claim in the case is Plaintiff's claim against Brown for interfering with pain medications.

**This order does not close the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 7/11/2024