# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Dennis Wallace, #297322

    Plaintiff,

v.

McCauley, et al.

    Defendants.

Case No: 2:22-cv-12530
District Judge: Susan K. DeClercq
Magistrate Judge: Curtis Ivy, Jr.

---

| | |
|---|---|
| DENNIS WALLACE, #297322<br>*In Pro Per*<br>Saginaw Correctional Facility<br>9625 Pierce Rd.<br>Freeland, MI 48623 | CHAPMAN LAW GROUP<br>Nicholas B. Pillow (P83927)<br>*Attorney for Laura Brown, N.P.*<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>npillow@chapmanlawgroup.com |

## DEFENDANT LAURA BROWN, N.P.'S
## NOTICE OF INTERLOCUTORY APPEAL

Pursuant to 28 U.S.C. § 1292, notice is hereby given that the United States appeals to the United States Court of Appeals for the Sixth Circuit from the Order entered by the District Court in this case on July 11, 2024, denying in Part Defendant's Motion for Summary Judgment (**ECF No. 63**). A Certification signed by the United States District Judge is attached.

           Respectfully submitted,
           CHAPMAN LAW GROUP

Dated: July 25, 2024     */s/ Nicholas Pillow*
           Nicholas B. Pillow (P83927)
           Attorney for Laura Brown, N.P.
           1441 W. Long Lake Rd., Suite 310
           Troy, MI 48098
           (248) 644-6326
           npillow@chapmanlawgroup.com

## **PROOF OF SERVICE**

I hereby certify that on July 25, 2024, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein. I further certify that I have mailed by US Postal Service the document to Plaintiff at his respective address.

           */s/ Nicholas Pillow*
           Nicholas B. Pillow (P83927)
           1441 W. Long Lake Rd., Suite 310
           Troy, MI 48098
           (248) 644-6326
           npillow@chapmanlawgroup.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS WALLACE,

        Plaintiff,                     Case No. 2:22-cv-12530

v.                                              Honorable Susan K. DeClercq
                                              United States District Judge
SUSAN MCCAULEY et al.,

                                              Honorable Curtis Ivy Jr.
        Defendant.           United States Magistrate Judge
_____/

**OPINION AND ORDER GRANTING DEFENDANT BROWN'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND STAYING CASE PENDING APPEAL**

      In the hardscrabble landscape of prison litigation, Dennis Wallace's grievances against Nurse Practitioner Laura Brown carve out a particularly thorny path. Wallace, with a steadfast belief in the injustice he suffered, brought forth Eighth Amendment claims. Brown sought refuge in summary judgment, a maneuver that the magistrate judge carefully weighed, ultimately recommending a denial, which this Court adopted. Now, Brown, undeterred and resolute, petitions for a chance to convince the Sixth Circuit to agree with her via an interlocutory appeal under 28 U.S.C. § 1292(b), challenging this Court's interpretation of *Phillips v. Tangilag*. Her contention zeroes in on a crucial question: does deliberate indifference always require expert medical testimony, or may it stand alone in the stark light of the Eighth Amendment?

# I. BACKGROUND

Plaintiff Dennis Wallace sued on October 20, 2022, alleging constitutional violations by several defendants, including Nurse Practitioner Laura Brown. Following discovery, Brown moved for summary judgment on September 20, 2023. Magistrate Judge Curtis Ivy, Jr. issued a Report and Recommendation on April 30, 2024, which this Court adopted on July 11, 2024.

Brown has now filed a Motion for Certification of an Interlocutory Appeal under 28 U.S.C. § 1292(b), challenging this Court's interpretation of *Phillips v. Tangilag*, 14 F.3d 524 (6th Cir. 2021), and the requirement of expert medical testimony in cases of alleged deliberate indifference under the Eighth Amendment.

# II. STANDARD OF REVIEW

A district court may certify an order for interlocutory appeal if (1) the order involves a controlling question of law, (2) there is substantial ground for difference of opinion on that question, and (3) an immediate appeal might materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

# III. ANALYSIS

## A. Controlling Question of Law

A question of law is controlling if its resolution could materially affect the outcome of the case. *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002). Here, the interpretation of *Phillips v. Tangilag* and its applicability to the requirement of

expert medical testimony in deliberate indifference claims under the Eighth Amendment is indeed a controlling question of law. This question directly impacts whether the plaintiff must provide expert testimony to support his claims against Nurse Practitioner Brown, which could significantly influence the case's trajectory.

### B. Substantial Ground for Difference of Opinion

Substantial ground for difference of opinion exists when reasonable jurists might disagree on the issue's resolution. *MRP Props. v. United States*, 607 F. Supp. 3d 747, 751-52 (E.D. Mich. 2022) (citing *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)). The Report and Recommendation's interpretation creates a novel category of care not explicitly addressed in *Phillips*, distinguishing it from previous cases like *Harp v. Hallet*. This novel interpretation suggests that expert testimony is unnecessary in claims involving nonmedical reasons for altering treatment. Here the record suggests the treatment decision, though made by a medical professional, was based on a correctional purpose: to curtail abuse of drugs in prison. This was not the circumstance in *Phillips*. Given the complexity and novelty of this interpretation, reasonable minds could differ on its correctness, satisfying the requirement for substantial ground for difference of opinion.

### C. Material Advancement of Litigation

An immediate appeal may materially advance the litigation if it saves judicial resources and litigant expenses by potentially avoiding protracted litigation over an

incorrect legal standard. *Kanuszewski v. Shah*, 636 F. Supp. 3d 781, 789 (E.D. Mich. 2022) (citations omitted). Should the Sixth Circuit clarify the necessity of expert testimony in this context, it would either streamline the trial by focusing on non-expert evidence or confirm the need for expert testimony in order to proceed.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendant Laura Brown's Motion for Certification of Interlocutory Issue for Appeal, ECF No. 65, is **GRANTED**.

Further, it is **ORDERED** that the case is **STAYED** pending appeal.

**This order does not close the above-captioned case**.

> */s/Susan K. DeClercq*
> SUSAN K. DeCLERCQ
> United States District Judge

Dated: 7/24/2024