UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS WALLACE,

        Plaintiff,        Case No. 2:22-cv-12530

v.        Honorable Susan K. DeClercq
        United States District Judge

LAURA BROWN,

        Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT PRO BONO COUNSEL (ECF No. 78)**

In October 2022, Plaintiff Dennis Wallace—currently incarcerated at Saginaw Correctional Facility—sued Michigan Department of Corrections (MDOC) Officer Wright[1] and three MDOC healthcare providers, Susan McCauley, Curtina Jones, and Laura Brown. ECF No. 1. Wallace alleged that Defendants violated his civil rights by failing to properly address his medical needs. *Id.* The following month, the case was referred to Magistrate Judge Curtis Ivy, Jr. for full pretrial. ECF No. 9.

In September 2023, Jones, McCauley, and Wright moved for summary judgment. ECF No. 48. And in November 2023, Brown moved for summary judgment. ECF No. 46. In April 2024, Judge Ivy issued a Report and Recommendation recommending that Jones, McCauley, and Wright's motion be

---

[1] No first name was provided in the record.

granted in full, but that Brown's motion be granted in part. ECF No. 59. Both Wallace and Brown filed objections, ECF Nos. 60; 61, but this Court overruled the objections and adopted the Report and Recommendation in full. ECF No. 63. Thus, Wallace's only remaining claim is his Eighth Amendment deliberate indifference claim against Brown for allegedly interfering with his pain medications. *Id.* at PageID.802.

Brown then brought a certified interlocutory appeal of the summary judgment order. ECF Nos. 65–68. Wallace moved to dismiss the appeal, arguing lack of jurisdiction because Brown failed to "petition[] for permission to appeal within 10 days of the certification," pursuant to 28 U.S.C. § 1292. ECF No. 76 at PageID.854. In March 2025, the Sixth Circuit granted Wallace's motion, ECF No. 77, and dismissed Brown's appeal because it lacked jurisdiction, ECF No. 76 at PageID.855. Proceeding *pro se*, Wallace now moves to have *pro bono* counsel appointed for him to pursue his surviving Eighth Amendment deliberate-indifference claim against Brown. ECF No. 78.

District courts may "request an attorney to represent any person unable to afford counsel" in a civil case, but need not appoint one. 28 U.S.C. § 1915(e)(1). Indeed, "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (internal citations and quotations omitted). In

evaluating whether there are "exceptional circumstances," courts should consider: (1) the probable merits of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *See id.* at 605–06; *see also Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

Construed differently, appointment of *pro bono* counsel is "warranted only if, given the difficulty of the case and the party's ability, the party (1) could not obtain justice without an attorney, (2) could not independently obtain a lawyer, and (3) would have a reasonable chance of winning with the assistance of counsel." *Key v. City of Detroit*, 738 F. Supp. 3d 917, 919 (E.D. Mich. 2024). This is because appointing "*pro bono* counsel is a discretion reserved for times when justice and due process demand it." *Id.* Additionally, "[i]t has been the general practice of courts in this district and the Sixth Circuit to appoint counsel only after the prisoner has survived dispositive motion practice." *Platte v. DeFeyter*, No. 23-CV-10640, 2023 WL 4181263 at *5 (E.D. Mich. June 26, 2023) (collecting cases).

In his motion, Wallace argues that appointment of counsel is necessary because his claim has merit—as demonstrated by surviving a motion for summary judgment—and because he lacks the resources and legal expertise to handle an Eighth Amendment claim at trial. ECF No. 78 at PageID.858–60. He adds that his appellate counsel, Northwestern Pritzker School of Law's Federal Appellate Practice

Clinic, is unable to represent him in district court. *Id.* at PageID.858.

Having reviewed Wallace's complaint and subsequent filings, and considered the relevant factors, the Court finds that Wallace's claim warrants an order "request[ing] an attorney" to represent him under 28 U.S.C. § 1915(e). *See Platte*, 2023 WL 4181263 at *5. Indeed, Wallace's claim necessitates counsel to help navigate a trial with experts. *See Key*, 738 F. Supp. 3d at 919 (finding that appointment of *pro bono* counsel was appropriate for a plaintiff without a lawyer and for whom the next step was a jury trial). Furthermore, Wallace's claim survived summary judgment, which suggests "a reasonable chance of success on the merits if properly litigated" with the benefit of counsel. *See id.* Thus, this Court will attempt to appoint *pro bono* counsel for Wallace, staying the case for up to 90 days to facilitate the process. If unsuccessful, then the stay will be lifted and Wallace must represent himself during trial. *See id.*

Accordingly, it is **ORDERED** that Defendant's Motion to Appoint Pro Bono Counsel, ECF No. 78, is **GRANTED**. Further, it is **ORDERED** that this matter is stayed until either (1) *pro bono* counsel files an appearance or (2) 90 days from the date of this order, whichever is earlier.

**This is not a final order and does not close the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: October 20, 2025